### UNITED STATES v. KING et al.
#### Civ. A. No. 8954.

United States District Court
W. D. Pennsylvania.
July 16, 1952.

Conrad G. Moffett, Litigation Atty., Office of Rent Stabilization, Philadelphia, Pa., for plaintiff.

Meyer W. Gordon, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

The United States brings this action against Vernon King and Virgie King, defendants, because of rent overcharges in violation of Section 206(a) of the Housing and Rent Act of 1947 as amended, 50 U.S. C.A.Appendix, § 1881 et seq. The authority of the United States to bring such an action is found in Sections 205 and 206(b) of the Act, as amended.

The complaint demands, among other things, an injunction against the defendants to prevent further violation of the Act, judgment for three times the amount of the total overcharges received from the tenants within one year from the date of the institution of the instant suit or, alternatively, if restitution to the tenants be ordered, judgment in favor of the United States for twice the amount of the over-charges.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The premises, 345 Mercer Street, Butler, Pennsylvania, are and were at all times material to the instant cause situate in the Pittsburgh Defense Rental Area and as such were "controlled" housing accommodations subject to the terms of the Housing and Rent Act of 1947, as amended, and the regulations promulgated pursuant thereto.

2. During the year 1947, the defendants, Vernon King and Virgie King, purchased the aforesaid premises 345 Mercer Street, Butler, Pennsylvania, and during the time set forth in the complaint, to wit, from February 5, 1948 to October 4, 1949, were the landlords of accommodations in said premises within the meaning of the provisions of the Housing and Rent Act of 1947, as amended.

3. During the period from February 5, 1948 to October 4, 1949, the second floor apartment and an unfinished attic on the third floor of premises 345 Mercer Street, Butler, Pennsylvania, were occupied by Mr. and Mrs. Joseph Baldiga as tenants of the defendants, Vernon King and Virgie King.

4. The Baldigas paid the sum of $50 per month during the period from February 5, 1948 to October 4, 1949, to the defendants, Vernon King and Virgie King, for the aforesaid second floor apartment and third floor unfinished attic.

5. The unfinished attic on the third floor of premises 345 Mercer Street, Butler, Pennsylvania, during the period of occupancy by the Baldigas, consisted of one large unfinished room, and one wood-partitioned room, neither of which was suitable for living quarters.

6. The tenant, Joseph Baldiga, installed water pipe leading to the third floor during the period of his occupancy, but no fixtures were ever installed.

7. The only means of access to the third floor attic of the premises 345 Mercer Street, Butler, Pennsylvania, was through

the second floor apartment of the said premises during the period of occupancy by the Baldigas.

8. Prior to 1947, the premises 345 Mercer Street, Butler, Pennsylvania, were owned by Howard Barnhart.

9. From August, 1946 to February, 1948 the second floor apartment, together with the unfinished attic of premises 345 Mercer Street, Butler, Pennsylvania, was occupied by Mary Jane Chambers and her mother as tenants of Howard Barnhart and of the defendants during their respective ownerships.

10. The former tenant, Mary Jane Chambers, used the aforesaid attic for storage purposes.

11. The former tenant, Mary Jane Chambers, paid the sum of $25 per month during the period from August, 1946 to March 28, 1947, and $28 per month from March, 1947 to February, 1948.

12. In March, 1942, John Chermitski occupied the second floor apartment of premises 345 Mercer Street, Butler, Pennsylvania, as a tenant of Howard D. Barnhart, paying the sum of $25 per month as is evidenced by a registration statement filed by Mrs. C. D. Barnhart on behalf of Howard Barnhart.

13. Under date of December 31, 1946, Howard Barnhart filed a petition for increase in rent, which petition was accompanied by a letter dated January 13, 1947, and which letter referred to the subject premises as an apartment consisting of separate entrance, four rooms, bath, hall and two rooms in attic, use of front yard and basement as needed.

14. Under date of March 28, 1947, C. Howard McPeak, the Area Rent Director for the Pittsburgh Defense Rental Area, entered an order pursuant to Section 5-a–12 of the Rent Regulation, increasing the rent from $25 per month to $28 per month.

15. Under date of May 13, 1947, Howard Barnhart wrote a letter addressed to the Office of Temporary Controls, the predecessor agency of the Office of Rent Stabilization, asking for a reconsideration of the order of March 27, 1947. Said letter

again referred to the fact that the tenant had use of the third floor attic.

16. Under date of September 12, 1949, Virgie King, one of the defendants, filed a petition for increase in rent for the second floor apartment of premises 345 Mercer Street, Butler, Pennsylvania, which application recited the fact that the second floor apartment included the third floor of the premises.

17. On September 30, 1949, C. Howard McPeak, Area Rent Director for the Pittsburgh Defense Rental Area, issued an order, effective September 12, 1949, increasing the maximum legal rent for the second floor apartment, including the third floor attic, to $29.50 per month.

18. During the occupancy by the Baldigas, the third floor attic had never been used as a separate living accommodation.

19. Neither the defendants nor their predecessor in title, Howard Barnhart, filed an amended registration showing the occupancy of the third floor apartment.

20. In February of 1948, the defendants raised the rent for the second floor apartment including two unfinished rooms on the third floor of the subject premises without petitioning for an increase in accordance with Section 5(a) (3) of the Rent Regulation.

21. Defendants failed to take practicable precautions against violations of the Housing and Rent Act of 1947, as amended.

22. Defendants wilfully violated the Housing and Rent Act of 1947, as amended.

Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of the present controversy.

2. During the period charged in the complaint, to wit, February 5, 1948 to September 12, 1949, the maximum legal rent for the second floor apartment, including the unfinished attic on the third floor of said premises was $28 per month.

3. The third floor of said premises when used in connection with the second floor were subject to control under the Housing and Rent Act of 1947, as amended.

4. The defendants, in charging more than the maximum legal rent of $28 per month from February of 1948 without petitioning for an increase in accordance with Section 5(a) (3) of the Rent Regulation, violated Section 204(b) (1) of the Housing and Rent Act of 1947, as amended.

5. The violations of the defendants were wilful.

6. The defendants failed to take practicable precautions against such violations.

7. Defendants have failed to exhaust their administrative remedies to contest the order of September 30, 1949.

8. Defendants, during the period from February 5, 1948 to October 4, 1949, overcharged the tenants, Mr. and Mrs. Baldiga, the total sum of $440, out of which total the sum of $66 was collected within one year from the date of the bringing of this instant suit.

9. Because of the foregoing violations, the issuance of an order enforcing compliance and requiring restitution to the tenants is authorized and warranted.

10. Plaintiff is entitled to recover damages in the amount of twice the overcharges received by defendants within one year prior to the date of institution of this action.

11. An order should issue which

(a) enters judgment for plaintiff and against defendants in the sum of $132;

(b) directs defendants to pay to the Treasurer of the United States the sum of $440 for the use and benefit of Mr. and Mrs. Joseph Baldiga;

(c) enjoins defendants, their agents, servants, employees and all persons in active concert or participation with them from directly or indirectly demanding, accepting, receiving or retaining any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded.

(d) directs defendants to pay the costs of suit.

## Discussion

The acts of the defendants herein constituted violations of the Housing and Rent Act of 1947.

Section 204(b) (1) of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, §§ 1881–1902, provides:

"Subject to the provisions of Paragraphs (2) and (3) of this subsection, during the period beginning on the effective date of this title and ending on the date this title ceases to be in effect, no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended, and in effect with respect thereto on June 30, 1947 * * *."

Pursuant to the authority vested in him by virtue of the Act as aforesaid, the Housing Expediter promulgated the "Controlled Housing Rent Regulation" effective July 1, 1947 through March 30, 1948, published in 12 Fed.Reg. 4331. Section 5(a) of the Regulation provided:

"(a) Grounds for increase of maximum rent. Any landlord may file a petition for adjustment to increase the maximum rent otherwise allowable only on the grounds that * * *

"(3) Substantial increase in space, services, furniture, furnishings or equipment. There has been a substantial increase in the services, furniture, furnishings or equipment provided with the housing accommodations since the date or Order determining its maximum rent or a substantial increase in the living space since June 30, 1947 * * *"

■ There need be no discussion as to decontrol, because the overwhelming preponderance of the evidence, including even the admitted facts taken from the defendants' testimony, establishes that the third floor had never been rented as a separate and distinct unit from the second floor apartment. Since this, at best, was an

increase of the size of an existing controlled unit, Section 5(a) (3) of the Regulation governs.

Even if this were considered as a first rental (and it is submitted that the overwhelming preponderance of the testimony proves that it was not), the defendants failed to comply with the rent regulation by not filing a Registration Statement within thirty (30) days of such first rental. Section 4(c) of the Controlled Housing Rent Regulation provides (12 Fed.Reg. 4331 et seq.):

"First rent after June 30, 1947. For controlled housing accommodations first rented on and after July 1, 1947, the maximum rent shall be the first rent for such accommodations. Within thirty (30) days after so renting, the landlord shall register the accommodations as provided in Section 7. The Expediter may order a decrease in the maximum rent as provided in Sections 5(c) (1) and 5(c) (6) * * *"

Section 4(c) further provides that if the Registration Statement is not filed within thirty days, the Area Rent Director is permitted to make a retroactive order demanding a refund.

Since, however, we are dealing here with the increased space allotted to an existing unit, Section 4 (c) is not applicable, and the case is governed by Section 5(a) (3) quoted above.

 Section 205 of the Housing and Rent Act of 1947, as amended, provided for the assessment of treble damages against any person committing an overcharge, in the amount of three times the sum overcharged during the period of one year from the date that suit is brought. The burden under this Act is upon the defendants to prove that the overcharges were neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation in order to reduce the judgment to single damages. In the instant case, there seems to be little doubt that the conduct of the defendants was wilful. They knew or were charged with knowledge that the former tenant, Mary Jane Chambers, was using the third floor attic for storage purposes and that she was paying the sum of $28 per month. They knew, as prudent persons, or were charged with the knowledge that the rent for this space could not be increased without complying with the Rent Regulation. Had they inquired from the proper authorities and made a true disclosure of all the facts, they would have been informed of their obligation to petition for the increase under the appropriate regulation.

As an indication of their frame of mind, defendants attempted to prove that the third floor was first rented to the Baldigas in February of 1948 in the face of the overwhelming testimony of the former tenant and landlord that the space had been used from 1946 by the Chambers.

The right of the Government to ask for restitution of rental overcharges is too well settled for argument. Such has been the law since the generic case of Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

An appropriate order is entered.